UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALMAN DOUKOURE,

        **MEMORANDUM & ORDER**

    Petitioner,

        **11-CV-4691 (NGG)**

 -against-

UNITED STATES OF AMERICA,

    Respondent.
-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

  Alman Doukoure brings this pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255. For the reasons that follow, the Petition is time-barred and is thus DISMISSED.

**I. BACKGROUND**

  On December 13, 2004, Doukoure was charged with conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841 and 846. Indictment, United States v. Warren, No. 04-CR-1080 (NGG) (E.D.N.Y. Dec. 13, 2004), Docket Entry # 69. On July 6, 2006, during proceedings before Magistrate Judge Cheryl L. Pollak, Doukoure pleaded guilty to the charge against him pursuant to a plea agreement; in that agreement, he waived the right to appeal his conviction and sentence so long as the court imposed a term of imprisonment of seventy-eight months or less. (See Plea Tr. (Docket Entry # 7-2) at 24.) This court accepted Doukoure's plea on May 9, 2008. (First Sentencing Tr. (Docket Entry # 7-3) at 3.) On January 22, 2010, the court sentenced Doukoure to thirty-six months' imprisonment followed by four years' supervised release. (Second Sentencing Tr. (Docket Entry # 7-5) at 20.) Judgment was entered on February 1, 2010. Judgment as to Alman Doukoure, United States v. Warren, Docket Entry # 354. Doukoure did not appeal.

1

On August 31, 2011, Doukoure filed the instant Petition, pursuant to 28 U.S.C. § 2255, seeking to "withdraw [his] plea." (Pet. (Docket Entry # 1) at 1.) He argues that he received ineffective assistance of counsel, in violation of the Sixth Amendment, because his attorney: (1) "misled [him] into pleading guilty" by guaranteeing him that he would receive probation rather than a prison sentence; (2) failed to "file[] any motion with respect to [his] case," including a sentencing memorandum; (3) was not present when he was interviewed by the Probation Department in connection with his Presentence Investigation Report ("PSR"); (4) did not discuss the PSR with him until about ten minutes before his sentencing; and (5) failed to appeal his sentence when asked to do so. (Id. at 1-2.) In response to this court's Order to Show Cause (Docket Entry # 2), the Government filed an opposition to the Petition (Gov't Opp'n (Docket Entry # 7)), and Doukoure replied (Pet'r Reply (Docket Entry # 13)).

## II.   DISCUSSION

Section 2255(f) of Title 28 sets forth a one-year period of limitation for habeas petitions made pursuant to § 2255. Here, that period begins on the later of either (1) "the date on which the judgment of conviction became final," 28 U.S.C. § 2255(f)(1); or (2) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," id. § 2255(f)(4).[1] Doukoure's Petition was not filed within either of these limitation periods.

With respect to § 2255(f)(1), the Second Circuit has held that "an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005). Because Doukoure's judgment of conviction was entered on February 1, 2010, his conviction became final for § 2255 purposes on February

---

[1] Section 2255(f) provides two other potential dates for the beginning of the limitation period, but those dates are clearly inapplicable here; Doukoure points to no governmental impediment that prevented him from timely filing his Petition, see 28 U.S.C. § 2255(f)(2), or any right newly recognized by the Supreme Court, see id. § 2255(f)(3).

2

15, 2010, the deadline for filing a direct appeal. See Fed. R. App. P. 4(b). Doukoure did not file his § 2255 Petition until August 31, 2011, well over a year after his judgment became final. It therefore was not filed within § 2255(f)(1)'s limitation period.

As indicated above, however, Doukoure claims that the reason he did not appeal was that his attorney failed to file a notice of appeal despite being asked to do so. (See Pet. at 1-2; see also Doukoure Ltr. of July 23, 2012 (Docket Entry # 12).) The question thus becomes whether Doukoure "could have [ ] discovered" his attorney's failure to appeal "through the exercise of due diligence" prior to August 31, 2010, a year before he filed his Petition. 28 U.S.C. § 2255(f)(4). If so, his Petition would be untimely under § 2255(f)(4).

As an initial matter, Doukoure's Petition states that he was *still* "not sure if [his attorney] filed a notice of appeal or if he submitted any brief for the appeal" (Pet. at 2), but Doukoure's actual knowledge of his attorney's failure to appeal is irrelevant; the limitation period "is determined by when 'the facts supporting the claim or claims presented *could have* been discovered through the exercise of due diligence,' . . . regardless of whether petitioner *actually* discovers the relevant facts at a later date." Wims v. United States, 225 F.3d 186, 188 (2d Cir. 2000) (second emphasis added) (quoting 28 U.S.C. § 2255(f)(4)). This is a "fact-specific issue the resolution of which depends, among other things, on the details of [petitioner's] post-sentence conversation[s] with his lawyer and on the conditions of his confinement in the period after [his conviction became final]." Id. at 190-91. "If it 'plainly appears from the face of the petition and supporting papers' that a petitioner unreasonably delayed in filing the petition, then the Court may bar the petition." Escalante v. Brown, No. 08-CV-2040 (JS), 2009 WL 3075311, at *2 (E.D.N.Y. Sept. 21, 2009) (quoting Wims, 225 F.3d at 191).

3

The court finds that Doukoure could easily have discovered at a very early stage that no appeal had been filed. According to his own reply brief, Doukoure's attorney *told* him on multiple occasions that he would not be filing a notice of appeal because Doukoure had waived his right to appeal. (See Pet'r Reply at 11-13 ("After Doukoure was sentenced on Jaunary 22, 2010, . . . Doukoure did in fact inform [counsel] that he wanted to appeal his sentence but [counsel] told him that he waived his right to appeal. [A f]ew days after his sentence, Doukoure called his counsel and reiterated his desire to appeal and again [counsel] stated th[at] he waived his right and appeal is not possible. . . . Doukoure persisted in his request to file an appeal despite the fact that [counsel] explained to him the unwisdom of pursuing such action.").)[2] Whether or not counsel's decision was reasonable, Doukoure was told even before his conviction became final that counsel had decided not to file an appeal, and therefore had no reason to be surprised when counsel ultimately adhered to that decision. Doukoure's Petition is therefore untimely under 28 U.S.C. § 2255(f)(4). See Wims, 225 F.3d at 190.

Finally, Doukoure has provided the court with no reason to equitably toll the limitation period. Equitable tolling may be applied only if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). The petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson,

---

[2] Doukoure's Petition states that, "after [his] sentencing, [counsel] promised to appeal [his] sentence." (Pet. at 1.) As this statement is flatly contradicted by the subsequent statements he made in his reply brief and his July 23, 2012, letter to the court—that counsel explicitly *refused* to file an appeal when asked to do so—the court finds it lacking in credibility and gives it no weight.

4

224 F.3d 129, 134 (2d Cir. 2000). As discussed above, Doukoure should have known—and admittedly did know—that his attorney had no intention to file a notice of appeal, and thus nothing prevented him from timely filing a § 2255 petition.

### III. CONCLUSION

For the reasons discussed above, Doukoure's Petition for Writ of Habeas Corpus is time-barred and is therefore DISMISSED. See 28 U.S.C. § 2255(f). Because Doukoure has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. See 28 U.S.C. § 2253(c). The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
July 30, 2012

/s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge